United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40804
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO CASTRO-SANTOYO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-23-ALL
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Roberto Castro-Santoyo appeals the sentence imposed following his guilty-plea conviction for being present unlawfully in the United States following deportation.  For the first time on appeal, Castro argues that the sentence enhancing provisions contained in 8 U.S.C. §§ 1326(b)(1) and (b)(2) are unconstitutional and that if that if <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998), is overruled, the district court's application of a 16-level enhancement would be unconstitutional under <u>Blakely v. Washington</u>, 542 U.S. 296, 124

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

S. Ct. 2531 (2004).  As Castro concedes, these arguments are foreclosed by the Supreme Court's decision in Almendarez-Torres, 523 U.S. at 235.  Apprendi v. New Jersey, 530 U.S. 466 (2000), did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).  The Supreme Court's decisions in Blakely and United States v. Booker, 125 S. Ct. 738 (2005), did not overrule Almendarez-Torres.  See Booker, 125 S. Ct. at 756; Blakely, 124 S. Ct. at 2536-43.  This court must follow the precedent set in Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  Dabeit, 231 F.3d at 984 (quotation marks omitted).

For the first time in his supplemental letter brief, Castro argues that the district court committed plain error under Booker by sentencing him pursuant to a mandatory application of the sentencing guidelines.  He asserts that the error was plain because it was structural or because prejudice should otherwise be presumed.  He maintains that the district court may have given him a lesser sentence if it had known that the guidelines were advisory because it sentenced him at the bottom of the guidelines range and because his family would suffer hardship if he were incarcerated for a substantial amount of time, a factor that the guidelines discourage courts from considering.

We review for plain error.  See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th Cir. 2005), petition for cert.

filed (July 25, 2005) (No. 05-5556).  The district court's error was not structural and prejudice is not presumed.  See United States v. Martinez-Lugo, 411 F.3d 597, 601 (5th Cir. 2005); United States v. Malveaux, 411 F.3d 558, 561 n.9 (5th Cir. 2005), petition for cert. filed (July 11, 2005) (No. 05-5297). Although the district court may have been sympathetic to him, Castro has not shown that he was prejudiced or that the district court committed plain error.  See United States v. Creech, 408 F.3d 264, 272 (5th Cir. 2005) (mere sympathy to defendant is insufficient); United States v. Bringier, 405 F.3d 310, 317 & n.4 (5th Cir. 2005) (sentence at bottom of guidelines range is insufficient), petition for cert. filed (July 26, 2005) (No. 05-5535); see also Martinez-Lugo, 411 F.3d at 600 (plain error analysis is the same for Sixth Amendment Booker error and Fanfan error).

AFFIRMED.